At the return term the same counsel was employed by each of the defendants, and he marked his name to the case, but entered no pleas. At the Fall Term, 1864, the counsel of the plaintiff signed judgment upon the docket against all the defendants, without the knowledge of their counsel, or of any of the defendants except McLaughlin, who was the clerk of the court, and made no objection, supposing that his counsel would give it all proper attention. Execution was issued from Fall Term, 1864, and after that no term of the court was held until the spring of 1866, when the defendants, Rintels Company, moved to set the judgment aside, on the ground that it had been obtained and taken irregularly. With the consent of the plaintiff, this was done as to *Page 48 
Rintels Company. Thereupon the plaintiff entered a nolle prosequi as to them. The court, Mitchell, J., presiding, refused to set aside the judgment against the other defendants, who were administrators of one Lawrence, the surety upon the debt, and they being dissatisfied appealed to the Supreme Court.
The entry of judgment was upon the minute docket, as follows: "Judgment by default final for $1,600 principal, $272 interest, and costs."
This case falls under the principles laid down, and the authorities cited in Davis v. Shaver, ante, p. 18; and for the reasons there given the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Crawford v. Bank, post., 139; Alexander v. Rintels, 64 N.C. 635;S. v. Alphin, 81 N.C. 567; Moore v. Hinnant, 90 N.C. 166; S. v.Bennett, 93 N.C. 505; Brown v. Harding, 171 N.C. 687.